UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE CITY DIVISION

KELLY NAROWSKI

    Plaintiff,

CASE NO:  3:14-cv-1535-J-34MCR

vs.

SHOPAHOLIC BOUTIQUE, INC, and
ST. AUGUSTINE FOUNDATION, INC.,

    Defendants.

_____/

## AMENDED COMPLAINT

Plaintiff, Kelly Narowski ("Plaintiff") by and through the undersigned counsel, hereby files this Amended Complaint and sues Shopaholic Boutique, Inc. and St. Augustine Foundation, Inc., for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 *et seq*., ("Americans with Disabilities Act" or "ADA") and alleges:

### JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.,* (hereinafter referred to as the "ADA").  This Court is vested with original jurisdiction under 28 U.S.C. Sections 1331 and 1343.

2. Venue is proper in this Court, the Middle District of Florida pursuant to

28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the Middle District of Florida.

3. Plaintiff, Kelly Narowski (hereinafter referred to as "Narowski") is a resident of Vernon Perish, Louisiana and is a qualified individual with a disability under the ADA. Narowski suffers from what constitutes a "qualified disability" under the Americans with Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that she suffered a spinal injury and requires the use of a wheelchair for mobility. Narowski's father lives in St. Augustine, Florida and Narowski's visits him frequently. Prior to instituting the instant action, Narowski visited the Defendant's premises at issue in this matter, and was denied full, safe and equal access to the subject property of Defendant due to its lack of compliance with the ADA. Narowski continues to desire and intends to visit the Defendant's premises but continues to be denied full, safe and equal access due to the barriers to access that continue to exist.

4. The Defendant, Shopaholic Boutique, Inc. is a corporation registered to do business and, in fact, conducting business in the State of Florida. Upon information and belief, Shopaholic Boutique, Inc. (hereinafter referred to as "Shopaholic") is the lessee and/or operator of the real property and improvements that is the subject of this action, specifically: Shopaholic Boutique located at 76 St. George Street, St. Augustine, Florida (hereinafter referred to as "Store").

5. The Defendant, St. Augustine Foundation, Inc. is a corporation registered to do business and, in fact, conducting business in the State of Florida. Upon information and belief, St. Augustine Foundation, Inc. (hereinafter referred to as "SAF") is the lessor and owner of the real property and improvements that is the subject of this action, specifically: Shopaholic Boutique located at 76 St. George Street, St. Augustine, Florida (hereinafter referred to as "Store").

6. All events giving rise to this lawsuit occurred in the Middle District of Florida.

## COUNT I - VIOLATION OF THE ADA

7. On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq*. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508 (A).

8. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Store owned by Defendants is a place of public accommodation in that it is a retail store operated by a private entity that provides goods and services to the public.

9. Defendants have discriminated and continue to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full, safe and

equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the Store in derogation of 42 U.S.C §12101 *et seq*.

10.   The Plaintiff has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at Store owned and operated by Defendants.  Prior to the filing of this lawsuit, Plaintiff personally visited the Store at issue in this lawsuit and was denied access to the benefits, accommodations and services of the Defendants' premises and therefore suffered an injury in fact as a result of the barriers listed in Paragraph 12, below, that the Plaintiff personally encountered. In addition, Plaintiff continues to desire and intends to visit the Store, but continues to be injured in that she is unable to and continues to be discriminated against due to the barriers to access which remain at the Store in violation of the ADA.  Narowski has now and continues to have reasonable grounds for believing that she has been and will be discriminated against because of the Defendant's continuing deliberate and knowing violations of the ADA.

11.   Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

12.   Defendants are in violation of 42 U.S.C. §12181 *et seq.* and 28 C.F.R. §36.302 *et seq.* and is discriminating against the Plaintiff as a result of *inter alia*, the

following specific violations that Plaintiff personally encountered:

    i. There is no accessible entrance due to an abrupt change in level at the main entrance (a step) and the lack of directional signage indicating the location of an accessible entrance;

    ii. The rear entrance nearest the parking lot also contains a change in level and is not accessible and lacks directional signage to any accessible entrance;

    iii. Upon information and belief, a portable ramp is provided upon request at the Store, but the portable ramp provided is too narrow, too steep and lacks edge protection. Also, there is no method provided to alert Defendants as to when the portable ramp should be deployed nor any signage alerting patrons with a disability of the availability of such a ramp;

    iv. The path of travel is too narrow for a wheelchair user throughout the store;

    v. The counter is too high for a wheelchair user;

13. There are other current barriers to access and violations of the ADA at the Store owned and operated by Defendants that were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

14. To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

15. Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §36.304, Defendants were required to make the Store, a place of public accommodation, accessible to persons with disabilities by January 28, 1992. To date, Defendants have failed to comply with this mandate.

16. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have her reasonable attorney's fees, costs and expenses paid by Defendants pursuant to 42 U.S.C. §12205.

17. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against Defendants and requests the following injunctive and declaratory relief:

    A. That the Court declare that the property owned and administered by Defendants is violative of the ADA;

    B. That the Court enter an Order directing Defendants to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

    C. That the Court enter an Order directing Defendants to evaluate and neutralize their policies and procedures towards

persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

D. That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

E. That the Court award such other and further relief as it deems necessary, just and proper.

Dated this the 9th day of April 2015.

Respectfully submitted,

By: /s/ Edward I. Zwilling
Edward I. Zwilling, Esq.
Bar No.: ASB-1564-L54E
Schwartz Roller & Zwilling
600 Vestavia Parkway, Suite 251
Birmingham, Alabama 35216
Telephone: (205) 822-2701
Facsimile: (205) 822-2702
Email: ezwilling@szalaw.com

By: /s/ K. Brian Roller
K. Brian Roller, Esq.
Florida Bar No. 18696
Schwartz Roller & Zwilling, LLP
3876 Sheridan Street
Hollywood, Florida 33021
Telephone: (954) 966-2483
Facsimile: (954) 966-2566
Email: broller@szalaw.com